IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:19-cr-445-SI-2 |
| v. | OPINION AND ORDER |
| LEOBARDO BARRIENTOS CHAVEZ, | |
| Defendant. | |

Lewis S. Burkhart, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for United States of America.

Leobardo Barrientos Chavez, *pro se*.

**Michael H. Simon, District Judge.**

Defendant Leobardo Barrientos Chavez, representing himself, moves under 28 U.S.C.

§ 2255 for a downward adjustment of his sentence. ECF 142. The Court has reviewed Chavez's

motion (ECF 142), the Government's response and exhibits (ECF 164, 164-1, 164-2), and

Chavez's reply (ECF 182). For the reasons explained below, the Court denies Chavez's motion.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

**A. Section 2255**

Section 2255 of Title 28 of the United States Code permits a federal prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). A prisoner seeking relief under § 2255 also must file his or her motion within a one-year statute of limitations. *Id.* § 2255(f). The limitations period begins to run on the latest of four dates:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f). A judgment of conviction becomes final when the period for filing a direct appeal of that judgment lapses. *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual

PAGE 2 – OPINION AND ORDER

allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

If a court denies a habeas petition, the court may issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the prisoner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see* 28 U.S.C. § 2253(c)(2). Although the prisoner need not prove the merits of his case for the court to issue a certificate of appealability, the prisoner must show "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotation marks omitted).

**B. Ineffective Assistance of Counsel**

The leading federal case governing claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a challenger must prove: (1) that counsel's performance was deficient; and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Id.* at 688, 694.

Under the first *Strickland* prong, for counsel's performance to be constitutionally deficient, it must fall below an objective standard of reasonableness. *Id.* at 688. A "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "The challenger's burden is to show 'that counsel made errors so serious that "counsel" was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

"*Strickland* held that 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010) (quoting *Strickland*, 466 U.S. at 691).[1] The specific standards governing counsel's duty to investigate provide:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.
>
> . . . And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.

---

[1] *Strickland* and *Wiggins v. Smith*, 539 U.S. 510 (2003), both involved the assistance of counsel in the penalty phase of a capital case. The Supreme Court has clarified that a right to counsel exists during sentencing in a noncapital case. *See Lafler v. Cooper*, 566 U.S. 156, 164-65 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *see also Davis v. Grigas*, 443 F.3d 1155, 1159 (9th Cir. 2006) (Graber, J., concurring) (explaining that *Strickland* applies "to a noncapital sentencing that is 'formal' and that involves findings or conclusions that provide a standard for the imposition of sentence").

*Strickland*, 466 U.S. at 690-91. The *Strickland* standard governing counsel's obligations "to investigate and to present mitigating evidence [applies] at sentencing." *Cox v. Del Papa*, 542 F.3d 669, 678 (9th Cir. 2008) (citing *Wiggins v. Smith*, 539 U.S. 510, 521-23 (2003)).

Under the second *Strickland* prong, prejudice is established when there is "a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. To show prejudice in the context of a plea of guilty, the challenger must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Smith*, 611 F.3d at 986 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56 (citation and quotation marks omitted). In the sentencing phase of a noncapital case, trial counsel error that results in prejudice can satisfy the second prong of *Strickland*. *See Glover v. United States*, 531 U.S. 198, 203 (2001) (holding that prejudice is shown where there is "any amount of [additional] jail time").

Because a convicted defendant must satisfy both prongs of the *Strickland* test, his failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *See Strickland*, 466 U.S. at 699-700. Where the *Strickland* test is satisfied, the remedy under § 2255 is that the court "shall vacate and set the judgment aside" and do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b).

## BACKGROUND

On July 14, 2021, Chavez pleaded guilty before this Court to one count of conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. ECF 125, at 1-2. In his plea agreement, Chavez agreed that he was

subject to the firearm enhancement under U.S.S.G. § 2D1.1(b)(1). *Id.* ¶ 11. Chavez also agreed

that he was not eligible for a Safety Valve adjustment under 18 U.S.C. § 3553(f) and U.S.S.G. §

5C1.2. *Id.* ¶ 13. At the plea colloquy, the Court inquired if Chavez was satisfied with the legal

counsel, representation, and advice given to Chavez by his attorney, Brian Schmonsees. ECF

164-2, at 8. Chavez responded that he was. *Id.* This Court found that Chavez was fully competent

and capable of entering an informed plea, that Chavez was aware of the nature of the charges and

the consequences of the plea, and that the plea of guilty was a knowing and voluntary plea

supported by an independent basis in fact containing each of the essential elements of the

offense. *Id.* at 29. The Court accepted the plea, and Chavez was adjudged guilty. *Id.* A

sentencing hearing was set for October 25, 2021. *Id.* at 30.

      At the October sentencing hearing, the Government indicated that Mr. Schmonsees

previously objected regarding Chavez's eligibility for safety valve, but had withdrew that

objection prior before the hearing. ECF 164-1, at 3-4. The parties agreed that the applicable

advisory guideline range was 63-78 months, based on Chavez's criminal history category of two.

*Id.* at 4. The Court sentenced Chavez to a term of imprisonment of 60 months. *Id.* at 10. This

term of imprisonment constituted a 3-month downward departure from the lower end of the

advisory guideline range and a ten-month downward departure from the government's

recommendation of 70 months. ECF 129, at 1. Chavez did not appeal his sentence.

      Less than one month later, Chavez filed the pending motion under 28 U.S.C. § 2255 to

adjust his sentence with a downward departure. ECF 142, at 12. Chavez asserts two grounds: (1)

ineffective assistance of counsel based on his counsel's failure to investigate Chavez's eligibility

for safety valve and (2) the "application of 2D1.1b(1) and denial of 5C1.2." *Id.* at 4-5.

## DISCUSSION

Chavez does not provide any factual support for his ineffective assistance of counsel claim. Rather, Chavez merely states summarily that Mr. Schmonsees failed to investigate and determine Chavez's eligibility for safety valve. Chavez has failed to provide "specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062 (cleaned up). The record reflects that Mr. Schmonsees looked into the applicability of the safety valve and elected not to raise that issue at sentencing. Counsel for the Government noted at sentencing that "in issuing the [Presentence Report], [Chavez] objected about safety valve. My understanding from Mr. Schmonsees is they are withdrawing that objection." ECF 164-1, at 3-4. Mr. Schmonsees agreed, stating that "part of the plea agreement that was signed agreed that [Chavez] was not safety valve eligible, despite putting that objection into the record." *Id.* at 4. The record does not support Chavez's claim that Mr. Schmonsees failed adequately to investigate Chavez's eligibility for safety valve.

Chavez next argues that, regardless of Mr. Schmonsees' performance, he is entitled to the application of U.S.S.G. ¶ 5C1.2(a)(2). Section 3553(f) allows the court to issue "a sentence below the otherwise mandatory minimum in certain cases of diminished culpability." *United States v. Dominguez Benitez*, 542 U.S. 74, 78 (2004). "Errors in the determination of safety valve eligibility require resentencing even where the district court has indicated that it would not have sentenced below the mandatory minimum." *United States v. Mejia-Pimental*, 477 F.3d 1100, 1109 (9th Cir. 2007). "The defendant bears the burden of proving safety-valve eligibility by a preponderance of the evidence." *Id.* at 1104 (citation omitted).

In arguing that he is eligible for the safety valve, Chavez relies on *United States v. Zavalza-Rodriguez*, 379 F.3d 1182 (10th Cir. 2004). In *Zavalza-Rodriguez*, the defendant spent one night in a home in which officers found narcotics, narcotics packaging materials, large

amounts of cash, five firearms, and a pistol. *Id.* at 1184. The pistol was found in the defendant's room, but the defendant denied possession of the firearm. *Id.* at 1185. The Tenth Circuit noted that "a gun's proximity and potential to be used in connection with the offense is sufficient to prevent application of the safety valve." *Id.* at 1186 n.2. In the case at hand, Chavez was not merely present for one night in a home in which a single pistol was discovered. Rather, investigators executed a search warrant at Chavez's own residence, at which methamphetamine, heroin, scales, packaging materials, and three loaded handguns were discovered. Each of the handguns were found in different locations in or around a bedroom in the residence.

With respect to application of U.S.S.G. § 2D1.1(b)(1), Chavez argues that "the government didn't establish whether [the bedroom in which the firearms were recovered] was the bedroom occupied by [Chavez] or that he even resided at the house." ECF 182 at 2. The Ninth Circuit has held that the § 2D1.1(b)(1) "enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *United States v. Gomez*, 6 F.4th 992, 1008 (9th Cir. 2021) (simplified). The Ninth Circuit "interpret[s] the requirement of a 'connection' with the offense 'broadly' and it applies to the defendant's 'entire course of criminal conduct,' not the just the crime of conviction." *United States v. Gongora*, 2022 WL 1830684, at *2 (9th Cir. June 3, 2022) (quoting *Gomez*, 6 F.4th at 1009). Here, it was undisputed at sentencing that the home in which the weapons and drugs were found was *Chavez's residence*. The firearms were discovered along with large amounts of drugs, a scale, and baggies. The proximity of the weapons to the drugs and drug paraphernalia is sufficient for application of the firearm enhancement under § 2D1.1(b)(1).

Based on the foregoing, regardless of Mr. Schmonsees' performance, the Court finds that Chavez is not eligible for safety valve, application of 2D1.1(b)(1) was proper, and Chavez has

PAGE 8 – OPINION AND ORDER

not made specific factual allegations that require an evidentiary hearing. *See Withers*, 638 F.3d at 1062 (stating that an evidentiary hearing is required if "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted").

## CONCLUSION

The Court DENIES Chavez's motion to impose a lower sentence.

**IT IS SO ORDERED**.

DATED this 12th day of July, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge